**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS FUENTES AGUILAR, | No. 14-70835 |
| Petitioner, | Agency No. A097-607-290 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges

Carlos Fuentes Aguilar, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's final order of removal.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review de novo questions of law, *Abdisalan v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 774 F.3d 517, 521 (9th Cir. 2014) (en banc), and deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the BIA's factual determination that Fuentes Aguilar failed to demonstrate eligibility for voluntary departure by clear and convincing evidence. *See* 8 U.S.C. § 1229c(f); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (this court's jurisdiction over decisions regarding post-conclusion voluntary departure is limited to constitutional claims or questions of law).

To the extent Fuentes Aguilar contends that the agency erred as a matter of law by considering his false testimony regarding his military service or his statement regarding caring for his children to determine whether he demonstrated the requisite intent to voluntarily depart, his contention lacks merit. The agency properly applied the correct legal standard and considered appropriate factors in assessing Fuentes Aguilar's eligibility for voluntary departure. *See* 8 U.S.C. § 1229c(b)(1)(D) (voluntary departure may be granted if, inter alia, the alien has established by clear and convincing evidence that the alien has the means to depart the United States and has the intent to do so); 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by § 101(a)(3) of the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, 303 (2005) (the agency may consider any falsehood in determining a petitioner's

credibility); *see Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An []

applicant who lies to immigration authorities casts doubt on his credibility and the

rest of his story.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**