**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL HERNANDEZ-LOPEZ, also known as Jose Martinez Cuevas, also known as Luis Montes-Perez, | No. 13-73617 |
| Petitioner, | Agency No. A095-774-388 |
| v. | MEMORANDUM[**] |
| JEFFERSON B. SESSIONS III,[*] Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2017[***]
Seattle, Washington

Before: FARRIS, MURPHY,[****] and NGUYEN, Circuit Judges.

---

[*]Jefferson B. Sessions III is substituted for his predecessor as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c).

[**]This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[***]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****]The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

Miguel Angel Hernandez-Lopez, a native and citizen of Mexico, petitions

for review of an order of the Board of Immigrations Appeals ("BIA") denying his

request for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT"). This court has jurisdiction under 8 U.S.C.

§ 1252(a)(1). The BIA's determinations that a claimant has not established

eligibility for asylum, withholding of removal, or relief under CAT are reviewed

under the deferential substantial-evidence standard. *Arteaga v. Mukasey*, 511

F.3d 940, 944 (9th Cir. 2007). Applying that standard, we deny the petition for

review.

In denying his application for asylum, the BIA relied exclusively on the

fact that Hernandez-Lopez's application was untimely and not excused by

changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(B),

(a)(2)(D).[1] In his brief on appeal, however, Hernandez-Lopez does not address

this issue, focusing instead on the merits of his asylum claim. Because he failed

to brief the untimeliness of his application, Hernandez-Lopez has waived

---

[1]To preserve the issue for further review, the government asserts this court lacks jurisdiction over Hernandez-Lopez's appeal of the timeliness of his asylum application. As the government recognizes, however, this court has concluded we have jurisdiction over all aspects of such an appeal. *See Ramadan v. Gonzales*, 479 F.3d 646, 653-54 (9th Cir. 2007) (holding that the court had jurisdiction to review the BIA's "changed circumstances" decision); *see also Khunaverdiants v. Mukasey*, 548 F.3d 760, 765-66 (9th Cir. 2008) (same as to predicate fact question of timeliness); *Husyev v. Mukasey*, 528 F.3d 1172, 1180-82 (9th Cir. 2008) (same as to BIA's "extraordinary circumstances" decision).

appellate review of the issue.  *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).  The BIA's determination that Hernandez-Lopez failed to demonstrate it is more likely than not he will be persecuted or tortured upon a return to Mexico is supported by substantial evidence.  On that basis alone, he is not entitled to withholding of removal or relief under CAT.  Thus, there is no need for this court to consider the BIA's nexus determinations (i.e., that any persecution Hernandez-Lopez might suffer upon a return to Mexico would not be based on a protected ground and any torture he might suffer would not be at the hands of, or with the acquiescence of, the government of Mexico) in resolving Hernandez-Lopez's petition for review.

**PETITION FOR REVIEW DENIED.**