NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL MARTINEZ-SANTIAGO, | No. 15-73358 |
| Petitioner, | Agency No. A205-150-313 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017**

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Saul Martinez-Santiago, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying voluntary departure. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review de novo questions of law. *Ali v. Holder*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

637 F.3d 1025, 1028-29 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

To the extent Martinez-Santiago contends the agency erred as a matter of law in determining that he is statutorily ineligible for voluntary departure, this contention fails because he was granted voluntary departure in 2011 after he was found to be inadmissible under 8 U.S.C. § 1182(a)(6)(A). *See* 8 U.S.C. § 1229c(c) (voluntary departure is not permitted if the alien was previously permitted to voluntarily depart after having been found inadmissible under 8 U.S.C. § 1182(a)(6)(A)); 8 C.F.R. § 1240.8(d) (alien has the burden of proof in establishing eligibility for any requested benefit or privilege); *see also Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law).

We lack jurisdiction to consider Martinez-Santiago's unexhausted contention that he was not advised that the previous grant of voluntary departure would render him ineligible for voluntary departure in the future. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**