NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN SAMUEL LOPEZ, AKA Diego Araujo, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   14-73842 <br><br> Agency No. A095-753-915 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Christian Samuel Lopez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision finding her ineligible for asylum and withholding of

removal, and denying relief under the Convention Against Torture ("CAT"). Our

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in determining that Lopez's conviction for driving under the influence with blood alcohol of 0.08 percent or more and causing bodily injury to another person with two or more prior convictions pursuant to Cal. Vehicle Code § 23153(b), and hit and run causing death or injury in violation of Cal. Vehicle Code § 20001(a), was a particularly serious crime, where Lopez declined the opportunity to offer additional testimony or evidence regarding the circumstances of her conviction, and the agency weighed the correct factors. *See id*.; *Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) (all reliable information may be considered in making a particularly serious crime determination).

Lopez waived any challenge to the agency's CAT determination. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

We lack jurisdiction to consider Lopez's unexhausted contentions that her prior counsel was ineffective and that she had insufficient opportunity to present evidence regarding her conviction. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th

Cir. 2010) (no jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**