**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL RIVERA RODRIGUEZ, AKA Miguel Rivera, | No. 14-70189 |
| Petitioner, | Agency No. A205-716-512 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018[**]

Before:      CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Miguel Angel Rivera Rodriguez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Rivera Rodriguez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). Thus, Rivera Rodriguez's asylum claim fails.

In his opening brief, Rivera Rodriguez does not reference withholding of removal or otherwise challenge the agency's denial of the claim. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1175 n. 5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver. Thus, we deny the petition for review as to Rivera Rodriquez's withholding of removal claim.

Substantial evidence supports the agency's denial of CAT relief because Rivera Rodriguez failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

Finally, we reject as without merit Rivera Rodriguez's contentions as to his

14-70189

membership in a class action lawsuit, his eligibility for the Deferred Action for Childhood Arrivals program, or his claim for Temporary Protected Status.

**PETITION FOR REVIEW DENIED.**