**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SOTO-REYNOSO,<br><br>              Petitioner,<br><br>   v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>              Respondent. | No.   16-71120<br><br>Agency No. A095-806-094<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018[**]

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Jose Soto-Reynoso, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny the petition for review.

In his opening brief, Soto-Reynoso does not challenge the agency's conclusion that he failed to establish his proposed social group of "business owners," was cognizable. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Substantial evidence supports the agency's conclusion that Soto-Reynoso failed to establish it is more likely than not that he will be persecuted in Mexico based on his familial ties. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident[.]"). Thus, we deny the petition as to Soto-Reynoso's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because Soto-Reynoso failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government of Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DENIED.**