**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS ESTELA FLORES, AKA Estela Santos-Flores, <br><br>          Petitioner, <br><br>     v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>          Respondent. | No.    13-74012 <br><br> Agency No. A200-883-291 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Santos Estela Flores, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

       *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review in part, grant in part, and we remand.

In her opening brief, Flores does not challenge the agency's dispositive determination that her asylum application was untimely. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Thus, we deny the petition as to Flores's asylum claim.

Substantial evidence supports the agency's denial of CAT relief because Flores failed to show it is more likely than not that she will be tortured by or with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to withholding of removal, this court's decision in *Barajas-Romero v. Lynch*, 846 F.3d 351, 356-60 (9th Cir. 2017), came down after the BIA's decision. Thus, we grant the petition for review as to withholding of removal, and remand this claim to the BIA to determine the impact, if any, of this decision. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

13-74012