**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN RAMIREZ-MEDINA, AKA Martin Ramirez, | No. 16-71620 |
| Petitioner, | Agency No. A205-764-651 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Martin Ramirez-Medina, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

ordering him removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Ramirez-Medina does not raise, and therefore he has waived, any challenge to the agency's denial of asylum as a matter of discretion. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

The agency did not abuse its discretion in determining that Ramirez-Medina's conviction for first-degree murder under California Penal Code § 187 was a particularly serious crime rendering him ineligible for withholding of removal, where the agency weighed the correct factors. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010) (the determination of whether a crime is particularly serious no longer requires separate consideration of whether the alien is a danger to the community). The record does not support Ramirez-Medina's contention that the IJ failed to provide sufficient reasoning. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). To the extent Ramirez-Medina asks us to review the agency's weighing of those factors, we lack jurisdiction to do so. *See*

*Avendano-Hernandez*, 800 F.3d at 1077 (Review "is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." (internal quotations omitted)).

Because these determinations are dispositive as to asylum and withholding eligibility, we do not reach Ramirez-Medina's contentions regarding particularized risk or the agency's denial of asylum as untimely. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

Substantial evidence supports the agency's denial of CAT relief, where Ramirez-Medina failed to show that it is more likely than not he would be tortured by or with the acquiescence of a government official in Mexico. *See* 8 C.F.R. § 1208.18(a)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-71620