NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INGRID JANETH CERRATO-PINEDA; et al., | No. 18-70588 |
| Petitioners, | Agency Nos. A202-080-950 |
| | A202-080-951 |
| v. | A208-751-492 |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Ingrid Cerrato-Pineda and her family, natives and citizens of Honduras,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Petitioners do not challenge the agency's denial of Cerrato-Pineda's son's separate asylum application. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Cerrato-Pineda testified that her ex-husband raped her, and that she suffered other physical attacks and verbal harassment. Substantial evidence supports the agency's finding that Cerrato-Pineda did not establish the Honduran government was unwilling or unable to protect her from her ex-husband. *See Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010) (applicant bears the burden of establishing that abuse was committed by the government or an agent the government is unwilling or unable to control). Thus, petitioners' asylum claim fails.

In this case, because Cerrato-Pineda did not establish eligibility for asylum, she did not establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190. Thus, her withholding of removal claim fails.

18-70588

Finally, substantial evidence also supports the agency's denial of CAT relief because Cerrato-Pineda failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the Honduran government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**