**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ALCIDES CANAS-UMANZOR,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-72111

Agency No. A099-580-479

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Jose Alcides Canas-Umanzor, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Canas-Umanzor fails to challenge the agency's determination that his asylum application was untimely. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Thus, Canas-Umanzor's asylum claim fails.

Canas-Umanzor does not challenge the agency's finding that he failed to establish past persecution. *See id*. Substantial evidence supports the agency's determination that Canas-Umanzor failed to establish that he will more likely than not be subject to persecution if returned to El Salvador. *See Fakhry v. Mukasey*, 524 F.3d 1057, 1065-66 (9th Cir. 2008) (the sum of the evidence did not compel a finding that it is more likely than not that the petitioner would be persecuted upon return). Thus, Canas-Umanzor's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Canas-Umanzor failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

2                                                          14-72111