NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DULCE MARIA GARCIA VALDEZ, | No. 18-72155 |
| Petitioner, | Agency No. A208-118-305 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019**

Before: SCHRODER, SILVERMAN, and CLIFTON, Circuit Judges.

Dulce Maria Garcia Valdez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Garcia Valdez suffered in Mexico did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." (quotation and citation omitted)). Substantial evidence also supports the agency's determination that Garcia Valdez failed to establish an objectively reasonable fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Garcia Valdez's asylum claim fails.

In this case, because Garcia Valdez failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

In her opening brief, Garcia Valdez fails to challenge the agency's denial of CAT relief; thus, it is waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174,

18-72155

1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

**PETITION FOR REVIEW DENIED.**