NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ALONSO TERAN SOTO, | No.   18-73421 |
| Petitioner, | |
| v. | Agency No. A087-991-562 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019**

Before:     CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Juan Alonso Teran Soto, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"), and from the

BIA's order denying his motion to remand.  We have jurisdiction under 8

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review the BIA's denial of a motion to remand for abuse of discretion. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Teran Soto established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Thus, Teran Soto's asylum claim fails.

Substantial evidence supports the agency's determination that Teran Soto failed to establish that the harm he fears in Mexico will be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Teran Soto's withholding of removal claim fails. In light of this disposition, we do not reach Teran Soto's arguments concerning internal relocation. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

18-73421

In his opening brief, Teran Soto fails to challenge the agency's denial of CAT relief. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

The BIA did not abuse its discretion in denying Teran Soto's motion to remand to apply for cancellation of removal because he failed to establish prima facie eligibility for relief. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015) ("Since a motion to remand is so similar to a motion to reopen, the motion to remand should be drafted in conformity with regulations pertinent to motions to reopen." (internal quotation marks and citation omitted)); 8 C.F.R. § 1003.2(c)(1) (a motion to reopen to apply for relief must be accompanied by an application and all supporting documentation).

**PETITION FOR REVIEW DENIED.**