**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN FRANCISCO CRUZ-SARAVIA, | No. 18-72723 |
| Petitioner, | Agency No. A205-150-550 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Juan Francisco Cruz-Saravia, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Cruz-Saravia does not challenge the agency's determination that his asylum application was time barred or the agency's denial of his CAT claim. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Thus, we deny the petition for review as to Cruz-Saravia's asylum and CAT claims.

Substantial evidence supports the agency's determination that the harm Cruz-Saravia suffered in El Salvador did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1181-82 (9th Cir. 2003) (harassment, unfulfilled threats, and one beating did not compel a finding of past persecution). Substantial evidence also supports the agency's determination that Cruz-Saravia failed to establish that the harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide some evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by

gang members bears no nexus to a protected ground."). Thus, Cruz-Saravia's withholding of removal claim fails.

Cruz-Saravia's argument that the agency applied an incorrect legal standard is unsupported by the record.

**PETITION FOR REVIEW DENIED.**