NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARINA CALIXTRO LOYA; et al., | No. 18-72204 |
| Petitioners, | Agency Nos. A206-910-371 |
| v. | A206-910-372 |
| | A206-910-373 |
| WILLIAM P. BARR, Attorney General, | |
| | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2020**
Seattle, Washington

Before: IKUTA and R. NELSON, Circuit Judges, and OLIVER,*** District Judge.

Marina Calixtro Loya and her two minor children, all natives and citizens of

Mexico, seek review of the Board of Immigration Appeals's ("BIA") order reversing

the Immigration Judge's ("IJ") decision, which granted them asylum and granted

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Solomon Oliver, Jr., United States District Judge for
the Northern District of Ohio, sitting by designation.

Calixtro's application for withholding of removal. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's legal conclusions *de novo* and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (internal citations omitted). We deny the petition for review.

The BIA determined: (1) that Calixtro failed to show that Mexico's government was unable or unwilling to protect her from her sister-in-law; (2) that her sister-in-law targeted her because of a personal vendetta or grudge and not on account of a protected ground; (3) that Calixtro's proposed particular social group, a victim of domestic violence, was not cognizable in light of *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018); and (4) that Calixtro could safely and reasonably relocate in Mexico. Calixtro has not raised a challenge to the BIA's first three findings, and therefore we find these issues waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (an applicant's failure to contest an issue in her opening brief results in waiver). Because an applicant for asylum must establish membership in a particular group; that her membership in that group is a central reason for her persecution; and that the alleged harm is inflicted by persons that the government is unwilling or unable to control, *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 234–44 (B.I.A. 2014), Calixtro's waiver is fatal to her claim for asylum.

Even in the absence of waiver, however, we conclude that substantial evidence supports the BIA's conclusions. First, the record supports the Board's finding that Calixtro failed to establish that Mexico's government was unable or unwilling to protect her from her sister-in-law. Although Calixtro reported the shooting incident to the police and her sister-in-law was not arrested, she also testified that her sister-in-law fled the scene, frequently moved around to avoid the government, and did not return for two years. These facts "simply do[] not compel the conclusion that" Mexico's government was unable or unwilling to protect Calixtro. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Second, Calixtro's testimony that her sister-in-law did not like her and mistreated her because she had children by other men supports the BIA's finding that Calixtro was targeted because of a personal vendetta and not on account of a protected ground. *See Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1052 (9th Cir. 2001) ("purely personal retribution" is not persecution on account of a protected ground). Finally, *Matter of A-B-* clearly supports the Board's finding that Calixtro's proposed particular social group is not cognizable because such group was defined by the harm asserted. *See Matter of A-B-*, 27 I. & N. Dec. at 334. Substantial evidence also supports the Board's finding that Calixtro could safely and reasonably relocate because Calixtro and members of her family have lived unharmed in Michoacán, Mexico, away from her sister-in-law. Thus, Calixtro has not established eligibility for asylum.

Because Calixtro failed to meet the lesser burden of proof for establishing eligibility for asylum, it follows that she cannot meet the higher standard for withholding of removal. *See* 8 C.F.R. § 208.16(b); *see also Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Next, Calixtro's contention that the record lacks the required clarity to allow us to conduct a proper review of the BIA's decision is unavailing. The record clearly shows that Calixtro argued to both the IJ and the BIA that she sought asylum and related relief on the basis of her membership in a particular social group, as a victim of domestic violence, and both the IJ and the BIA reviewed and articulated her proposed particular social group in their decisions.

Finally, we find that remanding this case to allow Calixtro to address the implications of *Matter of A-B-* on her proposed particular social group would be futile because her waiver of the BIA's other findings is fatal to her asylum claim.

**PETITION DENIED.**

18-72204