**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELISNED CARINE CORRO-BARRAGAN,<br><br>*Petitioner*,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>*Respondent*. | No. 08-74697<br><br>Agency No.<br>A200-097-291<br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2013[*]
San Francisco, California

Filed June 10, 2013

Before: J. Clifford Wallace, M. Margaret McKeown,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge McKeown

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Elisned Corro-Barragan's petition for review of the Board of Immigration Appeals' decision finding her statutorily ineligible for voluntary departure for failure to establish that she was in the United States for one year before being served with a Notice to Appear.

The panel held that the Real ID Act restored appellate jurisdiction over constitutional claims or questions of law in challenges to denials of voluntary departure under 8 U.S.C. § 1229c. As a matter of first impression, the panel interpreted the meaning of "physically present" in § 1229c(b) to require uninterrupted physical presence in the United States for one year for an alien to be eligible for voluntary departure at the conclusion of removal proceedings.

### COUNSEL

Helen B. Zebèl, Law Office of Helen B. Zebèl, San Francisco, California, for Petitioner.

Tony West, Assistant Attorney General, Civil Division, John C. Cunningham, Senior Litigation Counsel, and Samia Naseem, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

McKEOWN, Circuit Judge:

This petition raises a matter of first impression in the Ninth Circuit regarding the interpretation of "physically present" in the voluntary departure provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229c(b)(1)(A). We interpret physically present in this provision as requiring uninterrupted presence in the United States for at least one year and deny the petition for failure to meet this statutory requirement.

## BACKGROUND

Elisned Carine Corro-Barragan ("Corro") is a native and citizen of Mexico who lives with her three U.S. citizen children in Napa, California. She maintains that she first entered the United States in June 1991 without inspection and resided here continuously aside from two brief trips to Mexico. On January 6, 2006, Corro arrived in the United States without inspection near Otay Mesa, California. That same day, the Department of Homeland Security served her with a Notice to Appear, charging her as removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i) of the INA. In September 2007, Corro filed an application for cancellation of removal.

The Immigration Judge ("IJ") denied Corro's application for cancellation of removal and her request for voluntary departure. With respect to cancellation of removal, the IJ found that Corro met the requirements of continuous physical presence and good moral character under 8 U.S.C. § 1229b, but determined that she failed to meet the showing of

"exceptional and extremely unusual hardship" as required by the statute. With respect to voluntary departure, the IJ held that Corro failed to meet the physical presence requirement of § 1229c(b)(1)(A).[1] The IJ reasoned that, in contrast to § 1229b(d)(2) which provides that brief departures from the United States do not interrupt the ten-year period of continuous physical presence required for cancellation of removal, § 1229c(b)(1)(A) has no exceptions for departures during the one-year period of physical presence required for voluntary departure.

---

[1] Section 1229c(b)(1) provides:

> The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of a proceeding under section 1229a of this title, the immigration judge enters an order granting voluntary departure in lieu of removal and finds that--

> (A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served under section 1229(a) of this title;

> (B) the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure;

> (C) the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4) of this title; and

> (D) the alien has established by clear and convincing evidence that the alien has the means to depart the United States and intends to do so.

The Board of Immigration Appeals ("BIA") dismissed Corro's appeal, denying all relief. The BIA concluded that the IJ correctly determined that Corro failed to demonstrate that exceptional and extremely unusual hardship would result for her children and saw "no clear error" in the IJ's reasoning denying cancellation of removal.

Regarding the IJ's denial of Corro's request for voluntary departure, the BIA held that Corro "illustrated no error in [the IJ's] conclusion that [Corro was] statutorily ineligible for such relief as she did not establish that she ha[d] been in the United States for at least 1 year before being served with the Notice to Appear." In addition, the BIA noted that Corro "provided no case law or other legal authority suggesting that an Immigration Judge should be able to disregard the statutory requirements for a form of relief based upon his discretion." This petition for review followed.

## ANALYSIS

## I. JURISDICTION

As a threshold matter, we address jurisdiction in light of the changing landscape of appellate jurisdiction over immigration matters. Two provisions of the INA, § 1252(a)(2)(B)(i) and § 1229c(f), have been read to prohibit judicial review of denials of voluntary departure. This petition raises a question of statutory interpretation regarding the meaning of "physically present" in § 1229c(b). Because the Real ID Act of 2005 restored appellate jurisdiction over questions of law in denials of discretionary relief, including

voluntary departure under § 1229c, we have jurisdiction to consider Corro's petition.  *See* 8 U.S.C. § 1252(a)(2)(D).**[2]**

In *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir. 2011), we considered whether § 1252(a)(2)(B)(i) removed our jurisdiction to review a denial of voluntary departure.**[3]**  The IJ denied the petition on two alternate grounds—a non-discretionary finding of statutory ineligibility and denial "*as a matter of discretion* because of [petitioner's] firearm conviction." *Id*.  Because review was "limited to the ground adopted by the BIA," and "because the BIA affirmed based on the IJ's discretionary denial," we did not have jurisdiction to review the denial of voluntary departure.  *Id.* (citing § 1252(a)(2)(B)(i)); *see also Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.  2002) (concluding that § 1252(a)(2)(B)(i) "eliminates jurisdiction only over decisions by the BIA that involve the exercise of discretion"). In contrast, here the BIA's denial of relief was not based on discretion but on a question of law—the determination that Corro was not statutorily eligible for voluntary departure based on a legal interpretation of "physically present" under § 1229c(b).

---

**[2]** The relevant portion of the INA provides that "[n]othing in subparagraph (B) [which precludes judicial review of denials of discretionary relief under § 1229c and other provisions], or any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D), *amended by* Real ID Act of 2005, Pub. L. No. 109-13, Div. B., § 106, 119 Stat. 231.

**[3]** Section 1252(a)(2)(B)(i) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229c. . . ."  8 U.S.C. § 1252(a)(2)(B)(i).

Before the Real ID Act of 2005, § 1229c(f) barred judicial review of denials of voluntary departure based on both discretionary rulings and statutory ineligibility.[4] *See Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir. 2004). After passage of the Real ID Act, we addressed a similar statute, 8 U.S.C. § 1158(a)(3), that prohibited review of any determination relating to the one-year bar for asylum claims. *Ramadan v. Gonzales*, 479 F.3d 646, 649–50 (9th Cir. 2007). We concluded that "Section 106 of the Real ID Act of 2005 restores our jurisdiction over 'constitutional claims or questions of law.'" *Id.* at 650 (citation omitted). We now confirm, as we previously held in *Gil*, 651 F.3d at 1003, that the Real ID Act also restores appellate jurisdiction over constitutional claims or questions of law in challenges to denials of voluntary departure under § 1229c. Other circuits are in accord with this holding. *See, e.g.*, *Serrato-Soto v. Holder*, 570 F.3d 686, 688 (6th Cir. 2009) (reviewing denial of relief under § 1229c because the petitioner raised a question of law regarding whether a certain crime was a crime of moral turpitude); *Garcia v. Holder*, 584 F.3d 1288, 1289 n.2 (10th Cir. 2009) (concluding that, notwithstanding the jurisdiction-stripping provisions of the INA, "this court always retains jurisdiction to review constitutional claims and questions of law").

---

[4] Section 1229c(f) provides that "[n]o court shall have jurisdiction over an appeal from denial of a request for . . . voluntary departure . . . ." 8 U.S.C. § 1229c(f).

## II. DENIAL OF VOLUNTARY DEPARTURE[5]

We review de novo the interpretation of "physically present" under § 1229c(b) by looking first to the plain meaning of the statute. *See Federiso v. Holder*, 605 F.3d 695, 697 (9th Cir. 2010) (citation omitted). We conclude that § 1229c(b) is unambiguous and join the Eleventh Circuit in holding that the statute requires uninterrupted physical presence in the United States for one year for an alien to be eligible for voluntary departure at the conclusion of removal proceedings. *See Medina Tovar v. U.S. Att'y Gen.*, 646 F.3d 1300, 1306 (11th Cir. 2011).

### 1.  Statutory Background of § 1229c

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") replaced suspension of deportation under § 1254 with cancellation of removal and voluntary departure under § 1229b and § 1229c. Eligibility for suspension of deportation had required physical presence in the United States "for a continuous period of not less than seven years." 8 U.S.C. § 1254(a)(1). Before the IIRIRA, § 1254(e)(1) had governed voluntary departure, and contained no requirement for continuous physical presence, instead leaving such relief mostly to the discretion of the Attorney General.

In *INS v. Phinpathya*, 464 U.S. 183, 189–90 (1984), the Supreme Court held that any absence, regardless of duration, during the seven-year period precluded eligibility for

---

[5] Corro did not contest the denial of cancellation of removal in her opening brief, so the issue is waived. Fed. R. App. P. 28(a)(9)(A); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001).

suspension of deportation.  The Court reasoned that when Congress saw fit to provide exceptions for continuous physical presence in similar provisions, it had done so, and Congress's "deliberate omission" of authority for flexible administration of the statute did "not readily admit any [exceptions]."  *Id.* (citation and quotation marks omitted). Congress responded to *Phinpathya* by adding § 1254(b)(2), under which "brief, casual, and innocent" absences during the seven-year period did not "meaningfully interrupt the continuous physical presence."  *See* Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, § 315(b), 100 Stat. 3359 (1986); *see also Rosenberg v. Fleuti*, 374 U.S. 449 (1963).

In the IIRIRA, Congress merged deportation and exclusion proceedings into a single process—a removal proceeding.**[6]**  *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003).  Congress repealed § 1254 and replaced it with § 1229b to govern cancellation of removal and § 1229c to govern voluntary departure.  H.R. Rep. No. 104-828, at 48–52 (1996) (referring to INA §§ 240A and 240B, respectively).  In place of the "brief, casual, and innocent" standard, Congress added § 1229b(d), which precluded eligibility for cancellation of removal if the alien "departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days" during a ten-year period immediately preceding application for cancellation of removal.  8 U.S.C. § 1229(b)(d)(2).  To be eligible for voluntary departure at the conclusion of removal

---

**[6]** Prior to the IIRIRA, a deportation proceeding involved a person already present in the United States and an exclusion proceeding involved a person seeking entry to the United States.  *See, e.g.*, *Fleuti*, 374 U.S. at 450–51; *Desir v. Ilchert*, 840 F.2d 723, 728 (9th Cir. 1988).

proceedings under § 1229c(b), an alien now must have been "physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served." 8 U.S.C. § 1229c(b)(1)(A).

## 2.   Statutory Construction of § 1229c

Perhaps because courts were barred from reviewing denials of voluntary departure prior to the Real ID Act of 2005, there are few cases interpreting the "physically present" requirement of § 1229c(b). The Eleventh Circuit considered the issue in *Medina Tovar v. United States Attorney General*, and held that a petitioner could not satisfy the eligibility requirement because "he was not physically present in the United States for the entirety of the relevant one year period." 646 F.3d at 1306. The court rejected the petitioner's "assertion that the physical presence requirement for post-order voluntary departure should be interpreted by analogy to the BIA's physical presence requirement in the cancellation of removal context." *Id.* The court reasoned that cancellation of removal under § 1229b "requires a longer period of presence" and "Congress specifically set forth special rules relating to continuous residence or physical presence and provided for the treatment of any breaks in presence." *Id.* (citing 8 U.S.C. § 1229b(d)).[7] "Conversely," the court added,

---

[7] 8 U.S.C. § 1229b(d) provides in relevant part:

> (d) Special rules relating to continuous residence or physical presence. . . . (2) Treatment of certain breaks in presence. An alien shall be considered to have failed to maintain continuous physical presence in the United States under subsections (b)(1) and (b)(2) if the alien

"Congress did not provide such exceptions relating to the [one-year] physical presence requirement in the voluntary departure context." *Id.* The Eleventh Circuit relied on the Supreme Court's guidance for statutory construction: "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).

The Eleventh Circuit's reasoning is persuasive. Congress explicitly set forth special rules for the treatment of certain breaks in physical presence under § 1229b, and yet no exceptions are provided for breaks in physical presence under § 1229c(b). Under the plain meaning of § 1229c(b), an alien must be physically present in the United States for at least one uninterrupted year to be statutorily eligible for voluntary departure at the conclusion of removal proceedings.

Corro argues that using different interpretations of the physical presence requirement under § 1229b and § 1229c produces absurd results. But it is hardly absurd that Congress would allow for brief departures during the ten-year period of physical presence required by § 1229b(b)(1)(A) and not during the shorter one-year period under § 1229c(b)(1)(A). She also argues that using a strict interpretation of "physically present" undermines the purpose of the voluntary departure statute, which she maintains is to allow non-citizens who have developed significant ties to the United States through at least one year's presence in the country to settle their

has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days.

affairs. She cites to the government's proffered reason for § 1229c(b)'s one-year requirement in *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004), a reason offered only to support its argument that the one-year requirement was not wholly irrational in the face of an equal protection challenge.

But in *Tovar-Landin*, we made no reference to Congress's actual purpose in enacting the one-year requirement; instead, we simply held that the government met its burden in coming forward with some legitimate reason for the one-year rule. *Id.* ("According to the government, 'Congress presumably determined that those aliens with at least a year's presence had accumulated sufficient interests to warrant time to settle their affairs in this country.'"). As the court noted in *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir. 2002), it is "irrelevant whether or not the justification [for the rule] proffered by the [government is] in fact the reason that led to the legislative classification in the first instance."

We decline Corro's request to create an exception to the plain meaning of § 1229c(b) based on the government's proffered rational basis for the statute in *Tovar-Landin*, particularly because the rules of statutory construction referenced by the Supreme Court in *Russello* suggest the opposite result. *See Russello*, 464 U.S. at 23. Section 1229c(b) is not ambiguous and we presume that Congress acted intentionally in including special rules for brief interruptions in physical presence under § 1229b but excluding those rules from § 1229c. We therefore interpret "physically present in the United States for a period of at least one year" in § 1229c(b) as requiring one year of uninterrupted physical presence in the United States.

Because Corro failed to establish that she had been in the United States for at least one uninterrupted year before being served with the Notice to Appear, she is ineligible for relief in the form of voluntary departure under § 1229c(b).

**PETITION DENIED.**