FILED

NOT FOR PUBLICATION

OCT 28 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BAGGA SINGH, AKA Ravi Sahota, | No. 12-72132 |
| Petitioner, | Agency No. A072-116-417 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2015
San Francisco, California

Before: REINHARDT and HAWKINS, Circuit Judges and MOLLOY,** Senior
District Judge.

Petitioner Bagga Singh left India and entered the United States in 1993. He

concedes removability, but seeks asylum. The BIA denied his asylum application

because it found that he was not credible. We deny Singh's petition for review.

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

&ast;&ast; The Honorable Donald W. Molloy, Senior District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

Singh claims that he was persecuted because of his affiliation with a Sikh political party. He states that he fled because Indian police were looking for him and his father because of their role in a political rally in April 1993. In his declaration, Singh stated that his father was arrested and "subject to police torture" shortly after Singh left the country. His father's own declarations do not mention that arrest. During direct examination, Singh was asked: "Was [your father] physically harmed by the police" during the 1993 arrest? Singh replied: "No, sir." On cross-examination, Singh instead testified that "the police arrested my father and beat him also." The IJ noted the discrepancies between Singh's declaration and his testimony and asked Singh to explain. He said "Like I meant to say that bodily, there was no injuries as such, but otherwise, they had beaten him." The IJ found that Singh's testimony was inconsistent with his claim that his father had been tortured and found that Singh lacked credibility (in part) because of this. The BIA agreed.

We review the BIA's denial of asylum eligibility for substantial evidence. *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006). Because Singh's application predates the REAL ID Act, an inconsistency must go to the heart of the claim to support an adverse credibility finding. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

Singh argues that there is a reasonable explanation for the discrepancies: there was a mistranslation. Singh, however, was asked directly about the discrepancies, and he did not say that they were the result of mistranslation. Substantial evidence supports the BIA's determination that Singh's declaration and testimony were inconsistent. Singh next contends that these discrepancies do not go to the heart of the matter. The level of abuse suffered by Singh's father, however, is important in two ways. First, it bears materially on what would have happened to Singh if he had not fled. Police were allegedly looking for both him and his father. The police's treatment of his father is important evidence of whether they were in fact looking for Singh and what they would do if they found him. Second, attacks on family members can directly constitute part of past persecution, and here they formed a significant part of Singh's claim. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1121 (9th Cir. 2004).[1]

**PETITION DENIED**.

---

[1]Singh waived his claims for withholding of removal and relief under the Convention Against Torture by not challenging the BIA's denial of them in his brief. *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).