NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL GAMIZ-SOSA, | No. 13-73061 |
| Petitioner, | Agency No. A079-766-826 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Manuel Gamiz-Sosa, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

removal, asylum, withholding of removal, and protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument.   *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Although he argues the merits of his cancellation of removal claim, Gamiz-Sosa does not contest the BIA's conclusion that he waived any challenge to the IJ's dispositive finding that he was ineligible for cancellation of removal based on his conviction for illegal possession of a firearm. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Thus we deny the petition for review as to cancellation of removal.

Similarly, Gamiz-Sosa makes no arguments challenging the BIA's dispositive finding that he failed to show or allege the Mexican government is unwilling or unable to protect him from the individuals he fears. *See id*. Thus, we deny the petition as to Gamiz-Sosa's asylum and withholding of removal claims.

Finally, substantial evidence supports the BIA's denial of Gamiz-Sosa's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

13-73061