**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR RODRIGUEZ-VAZQUEZ, | No.   14-72761 |
| Petitioner, | Agency No. A093-416-552 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Oscar Rodriguez-Vazquez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum and

withholding of removal.   We have jurisdiction under 8 U.S.C. § 1252.   We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review for abuse of discretion the agency's denial of a motion for a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Rodriguez-Vazquez failed to establish a nexus between his past mistreatment in the custody of Mexican police and a statutorily protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (under the REAL ID Act, an applicant must prove a protected ground will be at least "one central reason" for persecution); *Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010) (per curiam) (ordinary prosecution for criminal activity is not persecution "on account of" a protected ground). Substantial evidence also supports the agency's determination that Rodriguez-Vazquez failed to establish a protected ground would be one central reason for the future harm he fears from drug cartels if returned to Mexico. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, we deny the petition as to Rodriguez-Vazquez's asylum and withholding of removal claims.

14-72761

Finally, the agency did not abuse its discretion in denying Rodriguez-Vazquez's motion for a further continuance to pursue a U-visa application. *See Sandoval-Luna*, 526 F.3d 1243, 1247 (9th Cir. 2008) (no abuse of discretion where the alternative relief sought was not immediately available).

**PETITION FOR REVIEW DENIED.**