NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE CARLOS ZAPATA-SUSTAITA, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-70317 Agency No. A200-248-426 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Jose Carlos Zapata-Sustaita, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order of removal.   We have jurisdiction under 8

U.S.C. § 1252.   We review for abuse of discretion the denial of a motion for

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny the petition for review.

Zapata-Sustaita does not contest the BIA's conclusion that any asylum claim would be time-barred. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

The BIA did not abuse its discretion in concluding that Zapata-Sustaita failed to demonstrate prima facie eligibility for withholding of removal because he did not establish a nexus between the persecution he fears and a statutorily protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Finally, the BIA did not abuse its discretion in determining that Zapata-Sustaita failed to demonstrate prima facie eligibility for CAT relief because he did not establish he would more likely than not face torture at the instigation of, or with the acquiescence of, the Mexican government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

14-70317