
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALI NAIF ALKHAMRI; et al., | No.   14-70973 |
| Petitioners, | Agency Nos.    A200-692-970 |
| v. | A200-692-969 |
| | A200-692-971 |
| JEFF B. SESSIONS, Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2017**
Pasadena, California

Before:  GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Ali Alkhamri and his adult sons Waleed and Badr, natives of Kuwait and

Saudi Arabia and citizens of Saudi Arabia, petition for review of an order from the

Board of Immigration Appeals (BIA) dismissing their appeal of an order denying

their untimely motion to reopen removal proceedings.  We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed.  R.  App.  P.  34(a)(2).

8 U.S.C. § 1252. We review a denial of a motion to reopen for abuse of discretion. *See Meza-Vallejos v. Holder*, 669 F.3d 920, 923 (9th Cir. 2012). "[W]e have jurisdiction to review the Board's denial of a motion to reopen *sua sponte* for the limited purpose of determining whether the Board based its decision on legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review.[1]

1. The BIA did not abuse its discretion by denying the Alkhamris' motion to reopen because the Alkhamris did not establish that an incident in which a government courier discarded their Alien Files (A-Files) in a public dumpster or their subsequent fear of obtaining new passports constituted changed country conditions. *See* 8 C.F.R. § 1003.23(b)(1), (b)(4)(i) (motions to reopen before the IJ need not be filed within 90 days of a final administrative order if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding"). There was no evidence that the A-Files incident created a well-

---

[1] The Alkhamris do not contest the BIA's denial of relief based on Badr Alkhamri's new medication, his DACA claim, or the possibility of future contact with the United States government. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest an issue in an opening brief constitutes waiver).

founded fear of persecution by Saudi Arabia because video surveillance shows no one approached the dumpster or saw the files during the time the files were out of the government's custody. *See Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) ("An applicant must demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."). And although the Alkhamris argue they may have to go before a committee to obtain new passports, there is no evidence that the Saudi government would deny them passports or punish them, much less on a protected ground.

2.     The BIA did not abuse its discretion by declining to reopen the Alkhamris' proceedings *sua sponte* because it concluded that the Alkhamris waived their claim that the A-Files incident resulted in the loss of their passports. The Alkhamris alleged for the first time in their briefs before their BIA that their passports were lost and did not allege until their briefs before this court that the government lost them. *See In re J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (B.I.A. 2007) ("Because the respondent failed to raise this claim below, it is not appropriate for [the BIA] to consider it for the first time on appeal."). The BIA did not "base[] its decision on legal or constitutional error." *Bonilla*, 840 F.3d at 581.

**PETITION FOR REVIEW DENIED.**

3