

FILED

**NOT FOR PUBLICATION**

SEP 24 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SELENA MARISOL RAMOS
MARTINEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71559

Agency No. A215-638-711

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 12, 2020
San Francisco, California

Before:    TASHIMA and CHRISTEN, Circuit Judges, and BATAILLON,[**]
District Judge.

Selena Marisol Ramos Martinez, a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals (Board), dismissing

her appeal of the decision of the Immigration Judge (IJ).  The IJ denied her

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition. "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence. . . . Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted)..

1.      Ramos Martinez does not challenge the Board's finding that she could avoid her father and the threatening community members by relocating to live with her grandmother. "[T]he IJ may deny eligibility for asylum to an applicant who has otherwise demonstrated a well-founded fear of persecution where the evidence establishes that internal relocation is a reasonable option under all of the circumstances." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003); *see also* 8 C.F.R. § 208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . , if under all the circumstances it would be reasonable to expect the applicant to do so."). By not challenging it in her petition for review or brief to this court, Ramos Martinez has waived her challenge to the finding that she could safely relocate to another part of the country, which is

2

dispositive of her asylum and withholding of removal claims. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (applicant waived issue not raised in opening brief); *see also Duran-Rodriguez*, 918 F.3d at 1029 (if an applicant does not establish eligibility for asylum, "it necessarily follows that [s]he has not established eligibility for withholding").

2.  Ramos Martinez also has failed to challenge the Board's findings that she would not suffer torture with the consent or acquiescence of Guatemalan government officials, that she could relocate within Guatemala, and that the Guatemalan police's actions in response to her mother's May 2018 complaint about the father indicated that government officials would not acquiesce in her torture. These findings are dispositive of her CAT claim. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) (public official must consent to or acquiesce in the torture); 8 C.F.R. § 1208.16(c)(3)(ii) ("Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured" is "relevant to the possibility of future torture").

3.  Ramos Martinez does challenge the BIA's conclusion that she is not a member of a protected group. She argues that women may constitute a particular social group based on their gender and that female victims of gender-based violence are a particular social group. She also argues that women in Guatemala

are a disfavored group and that, as a member of a disfavored group, she is likely to be persecuted and tortured if returned to Guatemala.

We do not address Ramos-Martinez's protected group challenge because of the dispositive nature of the foregoing Paragraphs **1** and **2.**

The petition for review is **DENIED**. The pending motion for a stay [Dkt. 1] is also denied. The temporary stay of removal issued pursuant to General Order 6.4(c) will automatically terminate upon issuance of the mandate.