**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ZENAIDA ESPERANZA CHULE-
LOPEZ, AKA Zenaida Esperanza Chilel
Lopez; MARTA ALICIA CHULE-LOPZ,
AKA Marta Alicia Chule-Lopez, AKA
Marta Alicia Chilel Lopez,

              Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

</td><td>

No. 20-70987

Agency Nos.     A208-589-358
                      A208-589-359

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2021[**]
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner Zenaida Esperanza Chule-Lopez ("Lead Petitioner") and her minor daughter (together, "Petitioners"), are natives and citizens of Guatemala. They petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

First, Petitioners argue that the BIA erred by failing to review on appeal Petitioners' objection to the IJ's decision to exclude from evidence two declarations. We conclude that while the BIA erred by failing to address this objection, the error was harmless because the Petitioners did not demonstrate that they were prejudiced by the exclusion. *See Kaur v. Wilkinson*, 986 F.3d 1216, 1229 (9th Cir. 2021) ("[t]he BIA is not free to ignore arguments raised by a petitioner" (internal quotations and citations omitted)); *Pagayon v. Holder*, 675 F.3d 1182, 1191-92 (9th Cir. 2011) (finding that the IJ's exclusion of evidence and testimony did not amount to a due process violation because the petitioner did not establish prejudice).

Second, Petitioners' brief recited the legal standard governing CAT claims, but did not provide any argument why the BIA erred in denying CAT protection.

2

Accordingly, we deem any argument as to this claim waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

Third, even assuming that the BIA erred in rejecting Lead Petitioner's proposed particular social group ("PSG") of "female victims of domestic violence or gender based violence," the record does not compel the conclusion that Lead Petitioner's former domestic partner abused her on account of this PSG or her identity as an indigenous Guatemalan.

Finally, the BIA's determination that Petitioners failed to establish a pattern or practice of persecution against indigenous Guatemalan women is supported by substantial evidence. The country conditions evidence in the record demonstrates that indigenous Guatemalans, and particularly women, experience discrimination, but does not compel the conclusion that this discrimination amounts to persecution.

**PETITION DENIED.**