**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERONICA PEREZ GARCIA, | No.    20-72129 |
| Petitioner, | Agency No. A209-092-068 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:      TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Veronica Perez Garcia, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

terminate and dismissing her appeal from an immigration judge's ("IJ") decision

denying her applications for asylum, withholding of removal, relief under the

---

         *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

         **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and cancellation of removal. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

In her opening brief, Perez Garcia does not challenge the agency's determination that her asylum application was time barred. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Substantial evidence supports the agency's determination that Perez Garcia did not establish that the harm she fears would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Perez Garcia's withholding of removal claim fails.

In light of this disposition, we need not reach Perez Garcia's remaining contentions regarding her withholding of removal claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

In her opening brief, Perez Garcia does not contend the BIA erred in finding she waived any challenge to the IJ's denial of CAT and cancellation of removal claims. *See Corro-Barragan*, 718 F.3d at 1177 n.5. Perez Garcia also does not

challenge the BIA's denial of her motion to terminate.  *See id*.

**PETITION FOR REVIEW DENIED.**