**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOLONG LI,<br><br>                    Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.    19-72742<br><br>Agency No. A202-180-027<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Xiaolong Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant the petition for review and remand.

The BIA found no clear error in two factual findings the IJ relied on in support of an adverse credibility determination. Substantial evidence does not support one of these findings, specifically that it was implausible the police prohibited Li from traveling outside his neighborhood given that he was able to freely leave China, where Li was not given an opportunity to explain the perceived implausibility. *See Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021) ("[A]n IJ must provide a witness an opportunity to explain a perceived implausibility during the merits hearing."). Substantial evidence does support the single remaining finding regarding an omission as to Li's student visa applications. *See Li v. Garland*, 13 F.4th 954, 960 (9th Cir. 2021) (one factor that can be considered in the totality of circumstances is whether an omission has a tendency to suggest petitioner fabricated his claim).

Because we cannot be confident that the BIA would have upheld the adverse credibility determination based on the omission alone, and particularly in light of the BIA's statement that the finding was "a close call," we grant the petition and remand for the BIA to reconsider Li's credibility and for any necessary further

proceedings consistent with this decision. *See Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021) (remand appropriate for BIA to determine whether remaining factors support determination); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009) (remand appropriate for BIA to reconsider credibility where BIA had not considered petitioner's explanations); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (single-factor rule for adverse credibility determinations overruled).

We do not consider the IJ's alternative asylum and withholding of removal determinations because the BIA did not reach them. *See Santiago-Rodriguez v. Holde*r, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA). We also do not consider Li's CAT claim because the BIA did not reach it, *see id.*, and Li does not contend the BIA erred in finding that he withdrew the claim before the IJ, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Li's removal is stayed pending a decision by the BIA.

The parties must bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED; REMANDED.**