NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGERIO MENDIVIL-GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  19-72781<br><br>Agency No. A208-180-775<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022**
Phoenix, Arizona

Before:  PAEZ, CLIFTON, and WATFORD, Circuit Judges.

Rogerio Mendivil-Gutierrez, a native and citizen of Mexico, petitions for

review of an order by the Board of Immigration Appeals (BIA) denying his

applications for cancellation of removal, asylum, withholding of removal, and

relief under the Convention Against Torture (CAT).  We deny in part and dismiss

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in part the petition for review.

**1.** *Adverse credibility finding.* In his opening brief before this court, Mendivil-Gutierrez does not challenge the agency's adverse credibility finding. Therefore, he has waived any such challenge. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). In reviewing the agency's denial of his claims for relief, we are bound by that determination.

**2.** *Cancellation of removal.* Substantial evidence supports the agency's determination that Mendivil-Gutierrez is ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1). He cannot show ten years of continuous physical presence because his expedited removal order in September 2015 broke that presence. *See Juarez-Ramos v. Gonzales*, 485 F.3d 509, 511 (9th Cir. 2007). Mendivil-Gutierrez's reliance on *Ibarra-Flores v. Gonzales*, 439 F.3d 614 (9th Cir. 2006), is not persuasive. Unlike a voluntary departure, the record shows that Mendivil-Gutierrez understood he was to depart the U.S. and that he could not re-enter for five years. *Cf. id.* at 619-20 (explaining that a voluntary departure only breaks physical presence if there is evidence the noncitizen understood they could not reenter and resume continuous presence). Even assuming that the immigration official who oversaw his removal did not advise Mendivil-Gutierrez of cancellation of removal relief, there was no error because he was not potentially eligible for cancellation of removal at that time. His answers to the official's

questions confirmed that he did not have a qualifying relative in 2015, and he did not marry his U.S. citizen spouse until April 2017. *See* § 1229b(b)(1)(D). Mendivil-Gutierrez's equal protection claim also fails because he has not shown that the classification between departures that break continuous presence and those that do not is irrational. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 336 (9th Cir. 2011).

**3.** *Asylum and withholding of removal*. Having determined that Mendivil-Gutierrez was not a credible witness, the agency concluded that he failed to meet his burden of showing that he was eligible for asylum and withholding of removal. Substantial evidence supports that determination. To the extent Mendivil-Gutierrez challenges the IJ's alternative reasons for denying asylum and withholding of removal, we lack jurisdiction to review them because the BIA declined to consider them. *See Tekle v. Mukasey*, 533 F.3d 1044, 1056 (9th Cir. 2008) (citing *I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("[O]ur review is limited to the actual grounds relied upon by the BIA." (citation omitted)).

**4.** *CAT relief*. "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Here, however, the country conditions evidence does not compel the conclusion that Mendivil-Gutierrez is more likely than not to personally face

torture upon removal to Mexico. *See id.* at 1049 (holding that "background material" on country did not show the petitioner fell within the cases or information discussed in that evidence); *Mukulumbutu v. Barr*, 977 F.3d 924, 927-28 (9th Cir. 2020) (same).

**5.** *Due process.* Mendivil-Gutierrez has also not shown a due process violation. There is no indication that the IJ acted in a biased manner in concluding he did not show past persecution. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007). Further, we need not address whether the IJ failed to consider all relevant factors contributing to his wife's hardship because, in any event, he cannot show prejudice as he is otherwise ineligible for cancellation of removal. *Ibarra-Flores*, 439 F.3d at 620-21.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**