NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANGEL TOMAS PEREZ RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.  16-71325

Agency No. A204-506-845

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022**
Pasadena, California

Before:  PAEZ and BADE, Circuit Judges, and CARDONE,*** District Judge.

Petitioner Angel Tomas Perez Rodriguez ("Perez") petitions for review of

the Board of Immigration Appeals' ("BIA" or "Board") decision denying his

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

When the BIA agrees with the Immigration Judge's ("IJ") decision and "adds its own reasoning," we review the BIA's decision and "those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). We review factual findings for substantial evidence. *Id.* at 1028.

**1.** *Asylum*. In reviewing Perez's asylum application, the IJ determined that it was not filed within the one-year deadline to apply for asylum. *See* 8 U.S.C. § 1158(a)(2)(B). The IJ also found that Perez did not establish an exception to the deadline. *See id.* § 1158(a)(2)(D). On appeal, Perez did not challenge that finding and the BIA affirmed the IJ's timeliness finding. Similarly, the petition for review does not challenge the agency's timeliness determination. Instead, Perez seeks to challenge the IJ and BIA's alternative reasons for denying his asylum application on the merits. Because Perez failed to challenge the untimeliness determination on appeal to the BIA and in his petition to this court, he has failed to exhaust and has waived appellate review of the issue. *See* 8 U.S.C. § 1252(d)(1) (exhaustion); *Corro Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (waiver). Thus, we dismiss the petition with respect to Perez's application for asylum without considering the agency's alternative reasons for denying that relief. The

one-year deadline, however, does not apply to withholding or CAT relief. *Shire v. Ashcroft*, 388 F.3d 1288, 1294 (9th Cir. 2004).

**2.** *Withholding of removal*. Perez's claim for withholding of removal is based on his family as a "particular social group" ("PSG") and, in particular, his relationship to his father. *See* 8 C.F.R. § 1208.16(b). The BIA agreed with the IJ that Perez's family was a cognizable PSG but that he failed to show past persecution or a well-founded fear of future persecution on account of that protected ground. *See id.* Substantial evidence supports the agency's finding that Perez did not suffer past persecution.[1] The harm to family members is relevant to assessing whether Perez suffered past persecution, as the IJ acknowledged, but this court has "not found that harm to others may substitute for harm to an applicant . . . who was not in the country at the time he claims to have suffered past persecution there." *Tamang v. Holder*, 598 F.3d 1083, 1091-92 (9th Cir. 2010). Perez was not in Mexico when his father was killed or when he learned about his father's killing. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 337 (9th Cir. 2011) (citing 8 C.F.R. § 1208.16(b)(1)(i)). Thus, these events cannot constitute past persecution. Further, substantial evidence supports the agency's finding that any past harm was not "on account of" his family as a cognizable PSG. *See*

---

[1] Because Perez raised past persecution multiple times, discussed relevant caselaw, and discussed his father's killing, the issue is not waived. *See Ndom v. Ashcroft*, 384 F.3d 743, 750-51 (9th Cir. 2004).

§ 1208.16(b)(1)(i).

As to a well-founded fear of future persecution, substantial evidence supports the agency's finding that Perez did not show that he was more likely than not to be persecuted because his family in Mexico remained unharmed. § 1208.16(b)(2). A fear of harm is undercut when similarly situated family members continue to live in the country of return without incident. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). Perez's maternal uncle is not similarly situated because he is not a part of his paternal family. *See Rios v. Ashcroft*, 287 F.3d 895, 902 (9th Cir. 2002) (finding that the petitioner's family was not similarly situated because they were not related to the petitioner's husband who had been killed). Perez's paternal family members, however, are similarly situated because they are related to his father. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) ("Where the claimed group membership is the family, a family member's continuing safety is an even more persuasive factor in considering a petitioner's well-founded fear."). The BIA also properly concluded that Perez's fear of the general violence in Mexico, even if well-founded, was not on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that general crime and violence bears no nexus to a protected ground).

**3.** *Imputed political opinion.* Perez also argues that gang members will impute a pro-law enforcement or anti-gang political opinion to him based on his relation to his father and uncle. Perez did not raise a political opinion or imputed political opinion claim before the agency. Although the BIA briefly mentioned political opinion, its token reference is insufficient to conclude that the BIA addressed the issue on the merits. *Cf. Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018). Therefore, Perez's imputed political opinion claim is unexhausted, and we dismiss the petition to the extent it seeks relief on that basis. *See* 8 U.S.C. § 1252(d)(1).

**4.** *CAT relief.* Lastly, the record adequately supports the agency's finding that Perez did not show eligibility for CAT relief. Although there is evidence of significant crime and violence in Mexico, the record does not compel the conclusion that Perez would be at particular risk of torture or that the Mexican government would be willfully blind to such torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part**.