**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SARA ALICIA GONZALEZ-CASTILLO, | No.    19-70702 |
| Petitioner, | Agency No. A208-449-182 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before:  FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Sara Alicia Gonzalez-Castillo, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's ("IJ") decision denying her application for

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The IJ concluded that Gonzalez-Castillo was not credible, which precluded her from establishing eligibility for withholding of removal. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) ("Absent [the] discredited testimony, there is no objective evidence that establishes a 'clear probability' that upon return to [his country the petitioner] will be subject to persecution based on a protected ground."). The BIA determined that Gonzalez-Castillo waived any challenge to that adverse credibility determination by failing to raise one in her brief to the BIA. In this petition for review, she did not raise, and has therefore waived, any challenge to the BIA's waiver determination. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (concluding that an issue not contested in an opening brief is waived). Thus, her withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection

---

[1] Gonzalez-Castillo conceded before the IJ that her asylum application was untimely, and she did not seek to establish eligibility for an exception to the deadline. Accordingly, only her claims for withholding of removal and CAT protection were before the BIA.

because Gonzalez-Castillo failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**