NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADRIENNE SEPANIAK KING;
CHRISTOPHER EDWARD SEPANIAK
KING,

Plaintiffs-Appellants,

v.

FACEBOOK, INC., a Delaware corporation,

Defendant-Appellee.

No.    22-15602

D.C. No. 3:21-cv-04573-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted August 16, 2023[**]
San Francisco, California

Before:  CALLAHAN, BADE, and BRESS, Circuit Judges.

Plaintiff-Appellant Adrienne King (King) was a Facebook user whose

account was permanently disabled for failing to follow Facebook's "Community

Standards."  King's son, Plaintiff-Appellant Christopher King, a computer

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

engineer, attempted to help get her account reinstated, but was unsuccessful. Appellants, both citizens of Hawaii, sued Facebook, Inc. (Facebook)[1] in the Northern District of California, bringing emotional distress-based tort claims, contract-based claims, and a claim alleging violation of Section 230 of the Communications Decency Act (CDA), 47 U.S.C. § 230 *et seq.* The district court dismissed Appellants' First Amended Complaint (FAC), almost in its entirety with prejudice, but granted King leave to amend her cause of action for breach of the implied covenant of good faith and fair dealing as it related to Facebook's alleged failure to provide her with an explanation for disabling her account.

After King filed her Second Amended Complaint (SAC), the district court granted Facebook's motion to dismiss, holding that King had failed to articulate a cognizable damages theory relating to the loss of the photos on her account because (1) her damages were not proximately caused by the alleged misconduct by Facebook, (2) the type of damages she sought—special damages—were expressly barred by Facebook's Terms of Service (TOS), and (3) the photos did not hold any ascertainable economic value. The district court held that because King could not establish a cognizable damages theory, it was a "legal certainty" that she could not establish the requisite amount in controversy to maintain

---

[1] On October 28, 2021, Facebook changed its name to Meta Platforms, Inc. Because the parties' briefing and the district court orders still refer to Defendant-Appellee as "Facebook," we do the same to avoid confusion.

diversity jurisdiction. Accordingly, the district court dismissed the action for lack of subject-matter jurisdiction and declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Appellants timely appeal the dismissal of their action.

We have jurisdiction under 28 U.S.C. § 1291 and review de novo dismissals for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (citation omitted). We affirm.

1. King's CDA theory is foreclosed by existing authority. *See, e.g.*, *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009).[2] And as the district court correctly explained, there is no private right of action under the CDA. A private right of action to enforce federal law "must be created by Congress," and without a statutory manifestation of congressional intent, "a [private] cause of action does not exist and courts may not create one." *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001). King does not contest this on appeal, and thus waives any challenge to it. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief results in waiver).

2. The district court also properly concluded that King's breach of the

---

[2] Appellants' motion for initial *en banc* review of this case is **DENIED** without prejudice to appellants seeking *en banc* review in the normal course.

3

implied covenant of good faith and fair dealing claim relating to her account termination was foreclosed by *Barnes*. King contends that *Barnes* establishes a categorical rule that contract-based claims are never barred by Section 230(c)(1). We disagree. The specific promise to take down explicit content at issue in *Barnes* does not compare to the general promise made by Facebook, and incorporated into its TOS, to use "good faith" or make an "honest" determination before deciding to exercise publishing or editorial discretion. *See* 570 F.3d at 1105, 1107–09. Regardless, the district court properly determined that King had not alleged cognizable damages relating to her account determination.

3. The district court did not err in dismissing the SAC for lack of subject-matter jurisdiction because it was a "legal certainty" that King could not establish the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332(a)(1). The district court identified several deficiencies with King's damages theory, each of which are independently fatal to her claim, including as it relates to Facebook allegedly failing to provide her with an explanation for terminating her account. King does not address the district court's holding that she is seeking special damages as opposed to general damages. Nor does she address the district court's conclusion that Facebook's TOS expressly bars recovery for such damages.

4. The district court did not err in dismissing Appellants' claims of intentional and negligent infliction of emotional distress. Appellants argue in

4

conclusory fashion that Facebook's conduct was "outrageous" and that it "went out of its way to be malicious," but the district court was not required to accept such conclusory allegations as a matter of law. *See Berkley v. Dowds*, 61 Cal. Rptr. 3d 304, 317 (Cal. Ct. App. 2007) ("Whether a defendant's conduct can reasonably be found to be outrageous is a question of law that must initially be determined by the court.").

**AFFIRMED.**