**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER BLADIMIR FUNES-ACEVEDO, AKA Walter Fuentes-Acevedo, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    19-70550 <br><br> Agency No. A206-899-076 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Walter Bladimir Funes-Acevedo, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for withholding of removal and relief under the Convention Against

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We review de novo claims of due process violations in immigration proceedings.  *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny the petition for review.

We do not consider Funes-Acevedo's asylum claim because the BIA did not decide the issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Funes-Acevedo does not contend the BIA erred in finding that his asylum claim was not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Substantial evidence supports the agency's adverse credibility determination based on discrepancies between Funes-Acevedo's declaration and testimony as to the threats and harm he experienced in El Salvador and his failure to provide corroborating evidence.  *See Shrestha*, 754 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances").  Funes-Acevedo's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Substantial evidence also supports the finding that Funes-Acevedo did not present documentary evidence that would otherwise establish his

eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to independently support claim). Thus, in the absence of credible testimony, Funes-Acevedo's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Funes-Acevedo's CAT claim because it was based on the same evidence found not credible, and he does not point to any other record evidence that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha*, 754 F.3d at 1048-49.

Funes-Acevedo's contention that the IJ violated his right to due process by refusing to admit untimely exhibits, and his claim of IJ bias, fail. *See Lata*, 204 F.3d at 1246 (requiring substantial error and prejudice to prevail on a due process claim); *see also Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (bias cannot be basis for denial of application where factual record supports denial).

As stated in the court's May 9, 2019 order, the stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-70550