**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS MENDOZA-RODRIGUEZ, | No. 20-71965 |
| Petitioner, | Agency No. A205-273-077 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2021**
Seattle, Washington

Before: GILMAN,*** GOULD, and MILLER, Circuit Judges.

Jesus Mendoza-Rodriguez, a citizen of Mexico, petitions for review of the

Board of Immigration Appeals' dismissal of his appeal from an immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition in part and dismiss it in part.

1.    Substantial evidence supports the agency's finding that any persecution Mendoza-Rodriguez suffered lacked a nexus to his membership in his family-based social group. Mendoza-Rodriguez testified that the unidentified criminals who stole his family's cattle wanted to "enrich themselves." *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010). There is no evidence that his familial status was "a reason" for the attack, let alone a "central reason." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Mendoza-Rodriguez does not believe that the cattle thieves will harm his family in the future, and since the incident in 2006, they have not harassed or threatened his family, who continue to live on the ranch.

2.    Substantial evidence supports the agency's decision to deny CAT relief. Mendoza-Rodriguez says that if he returns to Mexico he will "go back to the business of cows" and believes he will be robbed like his family was, especially because criminals will target him as someone returning from the United States. But Mendoza-Rodriguez does not contend that his family's past mistreatment amounted to torture. *See* 8 C.F.R. § 1208.16(c)(3)(i); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1217–18 (9th Cir. 2005). There also is no evidence that the cattle

2

thieves, or any other bad actors, know Mendoza-Rodriguez's whereabouts or have any interest in him. And the country-conditions evidence does not compel the conclusion that the cattle thieves likely would torture Mendoza-Rodriguez if they located him. The evidence therefore "does not establish that any step in this hypothetical chain of events is more likely than not to happen, let alone that the entire chain will come together to result in the probability of torture." *Medina-Rodriguez v. Barr*, 979 F.3d 738, 751 (9th Cir. 2020) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 917–18 (A.G. 2006)).

3.      We lack jurisdiction to consider Mendoza-Rodriguez's petition for review of the agency's discretionary decision to deny voluntary departure. *Corro-Barragan v. Holder*, 718 F.3d 1174, 1176–77 (9th Cir. 2013).

**PETITION DENIED in part and DISMISSED in part.**