**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANIA REZA-PANIAGUA; et al., | No. 20-71916 |
| Petitioners, | Agency Nos. A209-388-613 |
| v. | A209-388-614 |
| MERRICK B. GARLAND, Attorney General, | A209-388-615 |
| Respondent. | A209-388-616 |
| | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2021**
Pasadena, California

Before: M. SMITH, LEE, and FORREST, Circuit Judges.

Tania Reza-Paniagua and her three minor daughters seek asylum in the United States, withholding of removal, and protection under the Convention against Torture (CAT). The parties are familiar with the facts, and so we do not recount them here.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the Board of Immigration Appeals (BIA) adopted only one ground of the Immigration Judge's (IJ) decision, we review the BIA's "decision as based exclusively on such ground." *Parussimova v. Mukasey*, 555 F.3d 734, 738 n.3 (9th Cir. 2009).[1]  We review findings of fact under a substantial evidence standard, *Plancarte v. Garland*, 9 F.4th 1146, 1151 (9th Cir. 2021), which means they are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).  Substantial evidence supports the BIA affirming the IJ's denial of asylum and withholding of removal.

At issue in this appeal is the requirement that past or future persecution is on account of petitioners' membership in a particular social group (PSG).  The BIA found that even assuming Ms. Reza-Paniagua's suggested PSG is cognizable, she failed to establish a nexus.  The record does not compel a different conclusion.  Ms. Reza-Paniagua's testimony at the IJ's hearing lacked detail indicating that her membership in a PSG motivated her alleged persecutors.  In her testimony, she indicated that she did not know what motivated the gang that attacked her boyfriend and that the gang acted with general criminal motivations, not specifically targeted at her PSG.  She testified that the gang kills both men and women and forces both men and women to cultivate crops.  Ms. Reza-Paniagua offered no evidence of the

---

[1] Ms. Reza-Paniagua raises some arguments that do not relate to the BIA's decision and are, therefore, not reviewable by this court.

2

gang's motivations beyond general criminal motives. "[A person's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 596 F.3d 517, 528 (9th Cir. 2010). The record does not compel the conclusion that the harm was motivated by her membership in any PSG.

Because petitioners did not raise any argument related to their CAT claim in their opening brief, they have waived this claim. *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013); *Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013) (arguments on CAT relief waived because not addressed in brief). Waiver can be overcome when there is no prejudice to the opposing party or in order to avoid a manifest injustice. *Alcaraz v. I.N.S.*, 384 F.3d 1150, 1161 (9th Cir. 2004). Neither exception applies here because the government would be prejudiced by not having had an opportunity to respond to CAT arguments and there is no risk of a manifest injustice. The petitioners have forfeited any arguments pertaining to the denial of protection under the CAT.

**PETITION FOR REVIEW DENIED.**