**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERTO JIMENEZ-MARCIAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-70194

Agency No. A092-932-321

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2022[**]
Pasadena, California

Before:  M. SMITH and R. NELSON, Circuit Judges, and DRAIN,[***] District
Judge.

Petitioner Roberto Jimenez-Marcial, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gershwin A. Drain, United States District Judge for
the Eastern District of Michigan, sitting by designation.

the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We review for substantial evidence the BIA's factual findings. *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014); *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Substantial evidence means the factual finding is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). We deny the petition.

1.      The BIA affirmed the IJ's denial of asylum as untimely because the asylum application was not filed within one year of Jimenez-Marcial's arrival in the United States and he did not establish that he qualified for an exception to the filing deadline. Because Jimenez-Marcial did not raise any arguments related to the untimeliness of his asylum application in his opening brief, he has waived this claim. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). We deny the petition as to the asylum claim because the timeliness of the application is dispositive.

2.      Jimenez-Marcial argues the BIA erred in affirming the IJ's conclusion that he did not prove his eligibility for withholding of removal because he did not show the persecution he feared was on account of membership in a cognizable particular social group. Even if Jimenez-Marcial established a cognizable

2

particular social group, the BIA correctly concluded he could not show the required nexus between past and future harm and a protected ground based on his membership in his three claimed particular social groups. The record before the BIA was that Jimenez-Marcial was targeted in Mexico City because the La Marineros gang wanted his assistance with their criminal enterprise, including for bank robbery, and not because of his membership in any of the three claimed particular social groups. Jimenez-Marcial testified that he was targeted only after his parents left for the United States because the gang targets young boys that are abandoned by their parents. He testified that when he refused to rob a bank for the gang, they beat him and warned him not to tell authorities about their plan. Jimenez-Marcial also testified that the neighborhood kids in Oaxaca harassed and beat him because he was from Mexico City, as well as pressured him to join their ranks.

This testimony supports the conclusion that the gang members were motivated by other reasons, such as their financial gain, rather than based on Jimenez-Marcial's three claimed particular social groups. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

3

3.     Finally, the BIA correctly concluded Jimenez-Marcial failed to establish that it is "more likely than not" that he will be tortured by or with the acquiescence of Mexican officials. "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). Acquiescence is shown for purposes of CAT protection when they are likely to "turn a blind eye to torture." *Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003).

Jimenez-Marcial did not present any evidence that he would be tortured upon his return to Mexico, or that the Mexican government acquiesced in any alleged torture. Jimenez-Marcial testified that his aunt went to the police and filled out a report after he was beaten by the La Marineros gang, but the police did not do anything to punish the perpetrators. "Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836-37 (9th Cir. 2016)("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). Because Jimenez-Marcial failed to present compelling evidence that any government

4

official will likely torture him or acquiesce in his torture by gangs, he is not entitled to CAT protection.

**PETITION FOR REVIEW DENIED**.