NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MINGZHI BI,<br><br>               Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, U.S. Attorney General,<br><br>               Respondent. | No.   16-70329<br><br>Agency No. A200-785-553<br><br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023**
San Francisco, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,*** District
Judge.

Mingzhi Bi, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' (BIA) denial of his applications for asylum, withholding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

of removal, and protection under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence, and "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  "Where, as here, the BIA agrees with the [Immigration Judge's] reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

1.      Bi challenges neither the Immigration Judge's and BIA's adverse credibility determinations nor the BIA's dismissal of his claims for asylum, withholding of removal, and CAT relief on account of his claimed practice of Christianity.  Accordingly, Bi has waived any challenge to these findings.  *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (explaining that a petitioner's failure to contest an issue in the opening brief results in waiver of that issue).

2.      Bi seeks relief on the ground that he has taken up a pro-democracy cause with the China Democracy Party (CDP) after his arrival in the United States. He alleges he has a well-founded fear of future persecution upon his return to China on account of his participation in political activities with the CDP in the United States.  His arguments are not persuasive.

To be eligible for asylum, the applicant must demonstrate that he has "a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez*, 918 F.3d at 1028. To establish a well-founded fear of future persecution, an applicant must show "both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Id.* at 1029 (citation omitted). Strong evidence as to the objective component can outweigh an otherwise weak subjective component. *See Al-Harbi v. I.N.S.*, 242 F.3d 882, 890 (9th Cir. 2001) (finding a well-founded fear of future persecution by relying on documentary evidence to establish that the petitioner's fear was objectively reasonable despite the petitioner's non-credible testimony).

Absent credible testimony but assuming—as the BIA did—that the record establishes that Bi participated in political activities with the CDP in the United States, Bi's asylum claim fails because he failed to show an objectively reasonable fear of future persecution. Bi does not provide direct and specific evidence that the Chinese government knows of his CDP activities in the United States or would persecute him because of them if he returns to China. *See Sanchez-Trujillo v. I.N.S.*, 801 F.2d 1571, 1580 (9th Cir. 1986) (finding no basis for fear of future persecution where there was no evidence that the government of El Salvador had ever been made aware of petitioner's political activities in the United States).

While Bi's documentary evidence suggests that some CDP members who are known by the Chinese government may face the possibility of persecution, nothing in the record compels a conclusion that the Chinese government is aware of Bi's CDP activities. Substantial evidence thus supports the BIA's conclusion that Bi has not shown an objectively reasonable, well-founded fear of future persecution on account of his participation in CDP activities.

3. Because Bi did not show a reasonable possibility of future persecution in his asylum application, the BIA properly concluded that he did not satisfy the more stringent standard for withholding of removal. *See Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021).

4. Substantial evidence also supports the BIA's denial of Bi's application for protection under CAT because he has not established that he "will more likely than not be tortured with the consent or acquiescence of a public official" if he returns to China. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). While Bi's documentary evidence reflects that the CDP is banned in China and some returning dissidents may face the possibility of imprisonment, there is no evidence to compel a finding that it is more likely than not that Bi will be tortured upon his return to China.

The petition is **DENIED**.