NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN ALEXANDER HERNANDEZ-ICHEL,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-993<br><br>Agency No.<br>A208-173-825<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2024**
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Melvin Alexander Hernandez-Ichel, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge's (IJ) order denying his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture (CAT). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      To be eligible for asylum, Hernandez-Ichel has "the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To be eligible for withholding of removal, Hernandez-Ichel has the burden to demonstrate that "it is more likely than not," *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), that his "life or freedom would be threatened in [the country of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A).

For both forms of relief, Hernandez-Ichel must show that his past or feared harm bears a nexus to a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). For asylum, the petitioner must show that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C.

§ 1158(b)(1)(B)(i). For withholding of removal, there is a nexus if the petitioner shows that a protected ground was "a reason" for the past or feared harm. *Barajas-Romero*, 846 F.3d at 360. In this case, we conclude that substantial evidence supports the denial of asylum and withholding of removal.

*First*, in this court Hernandez-Ichel failed to raise any challenge to the agency's dispositive nexus determination, which was the ground on which the BIA affirmed the denial of asylum and withholding of removal. Thus, Hernandez-Ichel waived the issue. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (issues not raised in opening brief are waived). Although Hernandez-Ichel argues that his proposed social groups are cognizable, the BIA assumed that they were.

*Second*, and regardless of whether Hernandez-Ichel preserved the issue, substantial evidence supports the denial of asylum and withholding of removal because Hernandez-Ichel did not demonstrate a nexus between his past or feared persecution and a protected ground. Based on Hernandez-Ichel's testimony, the agency determined that the unknown individuals who targeted Hernandez-Ichel and his family were motivated by general criminality and extortion and not because of their membership in any protected group. Although the circumstances Hernandez-Ichel experienced in Guatemala are unfortunate, this is not sufficient to demonstrate the required nexus because a "desire to be free from harassment by criminals

motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The record does not compel a contrary conclusion. *See Duran-Rodriguez*, 918 F.3d at 1028.

2.      Substantial evidence also supports the denial of CAT relief. "The Convention Against Torture provides mandatory relief for any immigrant who can demonstrate that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quoting *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200–01 (9th Cir. 2023)); *see also* 8 C.F.R. § 1208.16(c)(2).

Even assuming Hernandez-Ichel preserved the issue in his opening brief, he has not shown that the record compels the conclusion that the agency's denial of CAT relief was infirm. *Andrade*, 94 F.4th at 914. "[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show [the] acquiescence" needed to support a CAT claim. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). And although Hernandez-Ichel testified about his subjective fear of harm in Guatemala, that does not establish eligibility for CAT relief. *See, e.g.*, *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

**PETITION DENIED.**