**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DOMINGA MATIAS-PABLO, et al., | No. 23-4119 |
| Petitioners, | Agency Nos. A201-768-384 A201-768-385 |
| v. | |
| JAMES R. MCHENRY III, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2025**
Pasadena, California

Before: TALLMAN, FRIEDLAND, and BENNETT, Circuit Judges.

Lead Petitioner[1] Dominga Matias-Pablo, native and citizen of Guatemala,

seeks review of the Board of Immigration Appeals ("BIA") order affirming the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Petitioners consist of Dominga Matias-Pablo and her minor son.

denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the agency's factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

1. The immigration judge ("IJ") denied Matias-Pablo's claims for asylum and withholding of removal because, in part, it found that Matias-Pablo failed to establish that the government was unable or unwilling to protect her from harms she endured from private parties. *See Afriyie v. Holder*, 613 F.3d 924, 927 (9th Cir. 2010). The BIA held that because Matias-Pablo failed to challenge that finding on appeal, she waived the issue. In her Opening Brief to our court, Matias-Pablo seems to have filed a very similar brief to the one she submitted to the BIA and thus has not disputed the BIA's waiver holding.[2] *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). We therefore deny the petition as to her asylum and withholding of removal claims.

2. The BIA denied CAT protection after affirming the IJ's conclusions that Petitioner's attackers were private actors and that the government would not consent to or acquiesce in any torture of Matias-Pablo if she returned to Guatemala. The BIA also concluded that Matias-Pablo's country conditions

---

[2] Indeed, because Matias-Pablo's Opening Brief did not comply with Federal Rule of Appellate Procedure 28, it would be within our discretion to disregard it.

evidence was too generalized to support a CAT claim. Matias-Pablo's Opening Brief does not acknowledge those holdings by the BIA, let alone offer any basis to reject them, so we deny the petition as to the CAT claim as well.

Petition **DENIED**.