NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATERIN NOHEMI MUNGIA-PADILLA; D.M.M.

Petitioners,

v.

PAMELA J. BONDI, Attorney General,

Respondent.

No. 23-2426

Agency No.
A220-147-224
A220-147-225

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Katerin Mungia-Padilla and her minor child, natives and citizens of Honduras,

petition for review of a Board of Immigration Appeals ("BIA") decision affirming

the order of an Immigration Judge ("IJ") denying Mungia-Padilla's applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is no precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. "[F]ailure to raise an issue to the BIA constitutes a failure to exhaust." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004); 8 U.S.C. § 1252(d)(1). Here, the BIA found Mungia-Padilla has not contested the IJ's dispositive determinations on the lack of (1) harm rising to past-persecution or a well-founded fear of future persecution, (2) nexus between persecution and the protected ground, (3) her inability to relocate within Honduras to avoid persecution, and (4) showing that she would be persecuted by the government or those the government are unwilling or unable to control. Indeed, Mungia-Padilla never submitted a brief to the BIA that explained the reasons for her appeal, necessitating the BIA to rely solely on the bare-bones, 74-word Notice of Appeal. The Notice of Appeal merely stated that "the Immigration Judge erred in the decision that she had not established past persecution on account of recognized particular social group, or that if returned to her home country her government would torture her or allow her to be tortured [sic]." The BIA thus found those issues waived on her asylum claim.

Mungia-Padilla's opening brief does not challenge those waiver determinations, and so, forfeits the right to appeal them. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (petitioner "did not contest the denial of cancellation of removal in her opening brief, so the issue is waived").

2 23-2426

When the government raises the failure to exhaust, we "must enforce" the rule. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because the government raised the issue, we deny her asylum and withholding claims as unexhausted. *See id.*

2. Similarly, Mungia-Padilla has forfeited her challenge to the BIA's determination that she failed to adequately contest the IJ's determinations of her CAT claim. The BIA determined that she presented no meaningful challenge to the denial of her application for CAT relief. Again, the opening brief makes no mention of the waiver determination, and so, forfeits the right to appeal it. *Corro-Barragan*, 718 F.3d at 1177 n.5. We deny her CAT claim as unexhausted. *Umana-Escobar*, 69 F.4th at 550.

**PETITION DENIED.**