**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS MEDRANO-VELASQUEZ, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 25-6438 Agency No. A206-448-691 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026**

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Jose Luis Medrano-Velasquez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for cancellation of removal

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). The request, included in the opening brief, for oral argument is denied.

and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Medrano-Velasquez has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)). We reject as unsupported by the record Medrano-Velasquez's contentions that the agency erred by failing to consider all relevant evidence and by failing to assess the hardship in the aggregate.

We lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 596 U.S. 328, 338-40 (2022) (when the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings or discretionary decisions). Medrano-Velasquez does not raise a colorable legal or constitutional claim the court can

review. *See* 8 U.S.C. § 1252(a)(2)(D); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013).

The motion to stay removal is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**